# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAI ZONG HER, et al.<br><br>        Plaintiffs,<br><br>  v.<br><br>TUA CHA,<br><br>        Defendant. | Case No. 1:25-cv-00656-JLT-SAB<br><br>ORDER DENYING MOTION FOR RESCHEDULING CONFERENCE AND DIRECTING DEFENDANT TO SET ASIDE ENTRY OF DEFAULT<br><br>(ECF No. 11)<br><br>**SEPTEMBER 3, 2025 DEADLINE** |

On May 30, 2025, Plaintiffs commenced this action, and a mandatory scheduling conference was scheduled for September 11, 2025. (ECF Nos. 1, 4.) On July 18, 2025, Plaintiffs filed an executed summons indicating that Defendant had been served, and the answer was due on August 4, 2025. (ECF No. 6.) Defendant did not answer, and on August 7, 2025, the Court directed Plaintiffs to request an entry of default or give a status report. (ECF No. 7.) On August 8, 2025, Plaintiffs moved for an entry of default, and on that same date, the Clerk of the Court entered an entry of default. (ECF Nos. 8, 9.) Thereafter, the Court vacated the scheduling conference and ordered that Plaintiffs file a motion for default judgment within 35 days. (ECF No. 10.)

On August 19, 2025, Defendant, proceeding *pro se*, filed a motion for rescheduling conference. In its entirety, the filings states: "The defendant, Tua Cha needs additional time to prepare and collect all the necessary documents and information to present to the court.

1

1  WHEREFORE, Defendant Tua Cha respectfully move[s] to reschedule the conference date to
2  10/16/2025." (ECF No. 11.)

3        The Court notes that the Clerk has entered an entry of default in this case, and the Court
4  vacated the initial scheduling conference.  Therefore, the Court will deny Defendant's motion as
5  moot because at this time there is no scheduling conference calendared in this case.

6        For Defendant's benefit, the Court observes that following service of the complaint,
7  Defendant did not file an answer, as required by the Federal Rules of Civil Procedure, Rule 12.
8  According to the affidavit of service, Defendant was served with the Court's summons in a civil
9  case, which explicitly noted that Defendant had 21 days within which to file an answer.  (ECF
10 Nos. 3, 6.)  Thus, the Court takes the time now to explain that the reason Plaintiffs sought and
11 received an entry of default is because Defendant failed to timely file an answer.

12       However, the Court cautions Defendant that he may not simply file an answer to correct
13 his situation because an entry of default remains entered.  The Court may set aside an entry of
14 default for good cause. Fed. R. Civ. P. 55(c).  Defendant has not moved to set aside the entry of
15 default, sought a stipulation with Plaintiffs to set aside the entry of default, nor can the Court
16 from Defendant's filing discern or construe that any good cause exists to set aside.  **Accordingly,**
17 **Defendant must first file a motion, or a stipulation with Plaintiffs, to set aside the entry of**
18 **default.  If Defendant file a motion to set aside the entry of default, he must provide the**
19 **Court with good cause as to why he failed to file an answer.  In this case, filing an answer**
20 **without filing a motion or a stipulation to set aside the entry of default will not be**
21 **construed as good cause for the Court to set aside the entry of default.**

22       Should Defendant timely file a motion or a stipulation, the Court will reset a deadline for
23 Defendant to file an answer as well as reset an initial scheduling conference.  For Defendant's
24 benefit, the Court notes that the District Court has a webpage for "Representing Yourself (Pro Se
25 Litigant)," available on the Court's website.[1]  Therein, the Court provides a form entitled "The
26 Defendant's Answer to the Complaint," which the Court shall direct the Clerk of Court to send
27

---

28 [1] https://www.caed.uscourts.gov/caednew/index.cfm/cmecf-e-filing/representing-yourself-pro-se-litigant/.

Defendant as a courtesy. Should Defendant elect to use the form answer, he shall pay particular attention to the directions in Section II.A., which requires that, on separate pages, that he write a short and plain statement of the answer to the allegations in the complaint with enumerated paragraphs corresponding to each paragraph within the complaint. For each paragraph in the complaint, Defendant shall state whether he admits the allegations in that paragraph, denies the allegations, lacks sufficient knowledge to admit or deny the allegations; or admits certain allegations but denies, or lack sufficient knowledge to admit or deny, the rest. See Fed. R. Civ. P. 8(b)(2)-(5).

Plaintiffs' motion for default judgment is currently due by September 12, 2025, and at this time, the Court does not see a need to move or alter that date.

Accordingly, the Court HEREBY ORDERS:

1. The motion for rescheduling conference (ECF No. 11) is DENIED as moot;

2. Should Defendant wish to litigate, the Court DIRECTS Defendant to file a motion to set aside the entry of judgment or file a stipulation with Plaintiffs to set aside the entry of judgment. Defendant shall have through **September 3, 2025**, to do so. Should Defendant file a motion, he must provide the Court will good cause as to why he failed to timely file an answer in this action;

3. The Court DIRECTS the Clerk of the Court to send Defendant "The Defendant's Answer to the Complaint" form; and

4. Should Defendant fail to file a motion or stipulation, this matter will proceed with Plaintiffs' motion for default judgment, which is currently due by September 12, 2025.

IT IS SO ORDERED.

Dated:   **August 20, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3