# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAI ZONG HER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TUA CHA,<br><br>Defendant. | Case No. 1:25-cv-00656-SAB<br><br>ORDER REGARDING REQUEST TO CONTINUE DEADLINE TO FILE DISPOSITIONAL DOCUMENTS<br><br>(ECF No. 38) |

On December 1, 2025, the parties participated in a settlement conference where this matter was settled. (ECF No. 27.) Following litigation not relevant here, the Court set a deadline to file dispositional documents by September 10, 2026. (ECF No. 30.) In a status report filed by Plaintiffs, they have indicated that there have been some issues regarding the execution of settlement with Defendant, who is proceeding *pro se*. (ECF No. 38.) Because the posture of proceedings is complex, the Court quotes from Plaintiffs' status report:

> On August 11, 2026, after being informed that Plaintiffs' counsel was to communicate with Defendant and his sister, Plaintiffs' counsel's office emailed Defendant, and his sister, directly regarding the draft settlement agreement. No response was received. On August 18, 2026, a paralegal working for Plaintiffs' counsel emailed the clerk for the Honorable Jeremy D. Peterson, the Judge involved in the settlement conference, and asked Judge Peterson to step back into the matter as he had previously reserved authority to impose language if the parties could not reach agreement. After the email was sent to the clerk, Defendant's sister asked Plaintiffs' counsel's paralegal to resend the email sent on

> August 11, 2026. Plaintiffs' counsel's paralegal then forwarded a copy of the latest settlement agreement to Defendant and his sister on August 19, 2026. After discussion during a status conference that took place on September 3, 2026, Judge Peterson imposed the language suggested by Plaintiffs to be the language used in the public statement (Dkt. 37).
>
> On September 4, 2026, a paralegal working for Plaintiffs' counsel forwarded the order from September 4, 2026, from Judge Peterson (Dkt. 37) to Defendant and his sister via email. On September 4, 2026, a settlement agreement, including the language ordered to be used in the settlement agreement, was sent to Defendant for signature via DocuSign. Plaintiffs' counsel's paralegal also emailed Defendant, and his sister, to inform them that the settlement agreement had been edited to comply with the order and was sent for signature via Docusign. Plaintiffs received the settlement agreement via DocuSign and both Plaintiffs have signed the settlement agreement. Defendant was also sent a stipulated dismissal on September 9, 2026, to sign via DocuSign once the settlement agreement was executed. As of the filing of this status update, Plaintiffs' counsel has not received the executed settlement agreement or the executed stipulated dismissal from Defendant.
>
> On September 9, 2026, Plaintiffs' counsel sent a follow up email to Defendant, and his sister, informing them again that the Court ordered documents disposing the case must be filed no later than September 10, 2026. The email also notified them that both the settlement agreement and stipulated dismissal should be executed by noon on September 10, 2026 in order to comply with the Court's order. Plaintiffs' counsel also informed Defendant, and his sister, that if the executed documents were not received by noon on September 10, 2026 that Plaintiffs' counsel's office will take steps to report their actions, lack of responsiveness and inactions to the court, seek sanctions for failure to comply with the Court's order and discuss available options with Plaintiff including moving to compel his signature or proceeding without his signature and/or move to set aside the settlement and proceed with legal action against him. Defendant has not executed the documents or responded to Plaintiffs' counsel's emails. According to DocuSign, Defendant has viewed the dismissal documents but has not signed or directly responded to communications. There have been no responsive communications from the Defendant, or his sister, as of the date of this filing.

(Id.)

Based on Defendant's lack of communication and failure to execute the settlement agreement, Plaintiffs request an additional thirty days to file dispositional documents. The Court agrees and ORDERS that the parties shall have through **October 13, 2026**, to file dispositional documents.

/ / /

Additionally, the Court ADMONISHES Defendant that failure to participate at this stage of the litigation is unacceptable. As long as this case remains open, this is an active issue for Defendant to deal with—in other words, Defendant cannot simply ignore Plaintiffs' counsel. The Court FURTHER ADMONISHES Defendant that should he fail to communicate or participate with Plaintiffs' counsel, the Court will consider issuing an order to show cause, requiring Defendant to appear in person before the Court to explain any failure to communicate or participate. Additional sanctions could also include monetary sanctions or entering judgment against Defendant.

IT IS SO ORDERED.

Dated: **September 11, 2026**

STANLEY A. BOONE
United States Magistrate Judge